Judy LEWIS, Appellant,

v.

GRANGE MUTUAL CASUALTY COMPANY; Anita F. Combs; State Farm Mutual Automobile Insurance Company, Appellees.

Anita F. Combs and Grange Mutual Casualty Company, Appellants,

v.

Judy Lewis, Appellee.

Nos. 1998–CA–000803–MR, 1998–CA–001034–MR.

Court of Appeals of Kentucky.

Jan. 14, 2000.

---

Edward C. Airhart, Edward F. Harrington, Jr., Louisville, for Appellant.

Rodney E. Buttermore, Jr., Harlan, for Appellees.

Before: GARDNER,[1] KNOPF and McANULTY, Judges.

## OPINION

McANULTY, Judge.

These appeals are from a judgment in a personal injury case stemming from an automobile accident. The jury found that Appellee Anita Combs ("Combs") was liable for the accident but also found that Appellant Judy Lewis ("Lewis") had not suffered an injury as a result of the accident and therefore awarded Lewis $0.00 in damages. Lewis asserts, we believe, that the trial court erred in denying a motion for a new trial and that the jury disregarded the instructions of the court. Combs contends that the trial court erred in awarding costs to Lewis. We affirm on the issues raised by Lewis and reverse on the issue raised by Combs.

█ Lewis first complains that the "defense prejudiced plaintiff's case by waving

1. Judge Gardner concurred in this decision prior to leaving the Court on January 2, 2000.

previously excluded as irrelevant medical records in front of the jury without notice to counsel for plaintiff." We can only assume, because Lewis does not specifically state, that her argument on appeal is not with the defendant but with the trial court's handling of the situation. After the defense counsel attempted to offer Lewis's past medical records into evidence, the jury was dismissed and the trial court heard arguments outside their presence. The trial court reprimanded counsel for the defense and held once again that the records were inadmissible. Lewis did not request an admonishment to the jury or other action by the court at that time.

■ Lewis first raised the issue regarding defense counsel's conduct in her Supplement to Motion for New Trial, alleging that she was prejudiced by the actions of defense counsel. The trial court summarily denied the motion for a new trial. A trial court has broad discretion in ruling on a motion for a new trial and we will not disturb the ruling absent an abuse of that discretion. *Whelan v. Memory–Swift Homes, Inc.*, Ky., 315 S.W.2d 593 (1958). We find no such abuse here, as we are of the opinion that any prejudice suffered by Lewis did not rise to the level requiring a new trial.

■ Lewis's motion for a new trial on the issue of damages was also based on her assertion that the jury awarded inadequate damages under the influence of passion or prejudice. She points to the fact that while the jury was deliberating, they sent a question asking whether the $190.00 claimed in medical bills was for treatment as a result of the accident in question and whether that treatment was given on the day of the accident. The trial court answered, upon stipulation by the parties, that the $190.00 was for treatment for the injuries from the accident and that the treatment was not rendered on the day of the accident. The jury then found that Lewis had not suffered any injury as a result of the accident and awarded no damages to her.

Lewis contends that these series of events amounted to the jury disregarding the instructions of the court. In essence, she believes that the trial court's response to the jury's question was tantamount to an instruction that they find that Lewis was injured and award her a minimum of $190.00 in medical bills. We cannot agree.

The trial court could not and did not draw a factual conclusion for the jury; it could only confirm for the jury that there was in fact testimony to support the claim that the $190.00 was incurred as a result of the accident. The jury then weighed the evidence and testimony and decided whether that expense was reasonably needed. *Bolin v. Grider*, Ky., 580 S.W.2d 490 (1979); KRS 304.39–020(5)(a). Apparently, they concluded it was not. To rule as Lewis suggests would mean that a jury must always accept the medical bills as submitted by the plaintiff and would amount to a rubber stamping of a verdict once the medical bills are introduced as evidence. That is certainly not the result intended by the legislature. The trial court is affirmed on this issue.

■ Lewis makes a similar argument in regard to the trial court's ruling upon Combs's motion for a directed verdict. Combs based her motion in part on the fact that Lewis had not introduced evidence of medical bills in excess of $1,000.00. The trial court denied the motion, relying on KRS 304.39–060(2)(b) which allows circumvention of the $1,000.00 threshold for "permanent injury within reasonable medical probability." In so denying, the trial court once again was not drawing a factual conclusion by which the jury was bound, but simply acknowledging that Lewis had offered testimony which could support such a finding. As always, it was within the province of the jury as fact-finder to weigh the testimony regarding the extent of Lewis's injury. Evidently, the jury did not find that testimony credible.

Finally, Combs questions that part of the judgment which awards costs to Lewis. Combs contends that she, not Lewis, was the prevailing or successful party in this action and therefore the award of costs to Lewis was erroneous. CR 54.04 provides that "[c]osts shall be allowed as of course to the prevailing party unless the court otherwise directs." Moreover, "[t]he successful party in any action shall recover his costs, unless otherwise provided by law." KRS 453.040(1)(a).

To determine this issue, we must decide whether a plaintiff who obtains a verdict finding a defendant liable but fails to obtain a verdict awarding damages is the successful or prevailing party. This is an issue of first impression for the Court. We have therefore looked to other jurisdictions for guidance.

A majority of the jurisdictions which have considered similar issues have concluded that a "prevailing party," for the purposes of awarding costs and attorney fees, is one who is successful with regard to the main issue in the action. *Cooper v. Carlson*, 511 P.2d 1305 (Alaska 1973). While some states have determined that a judgment on liability alone is enough to confer prevailing party status, *Dennis I. Spencer Contractor, Inc. v. City of Aurora*, 884 P.2d 326 (Colorado 1994); *MFD Partners v. Murphy*, 9 Haw.App. 509, 850 P.2d 713 (1992), the others require that the party recover monetary damages in order to prevail. *Sure Snap Corp. v. Baena*, 705 So.2d 46 (Fla.App.1997); *Childers v. Edwards*, 48 Cal.App.4th 1544, 56 Cal.Rptr.2d 328 (1996); *Odziemek v. Wesely*, 102 Idaho 582, 634 P.2d 623 (1981).

In the federal system, the District of Columbia Circuit has considered this issue and concluded that a plaintiff who obtains a judgment with no damages is not a "prevailing party" under F.R.C.R. 54(d)(1). *Tunison v. Continental Airlines Corp.*, 162 F.3d 1187 (D.C.Cir.1998). Other circuits have reached similar results. *PH Group Ltd. v. Birch*, 985 F.2d 649 (1st Cir.1993); *Johnson v. Eaton*, 80 F.3d 148 (5th Cir.

1996); *Robinson v. City of St. Charles, Mo.*, 972 F.2d 974 (8th Cir.1992).

We are inclined to agree that a plaintiff in a negligence action who succeeds in obtaining a liability verdict against a defendant but is not awarded damages has not prevailed for the purposes of awarding costs. A judgment in such an action is, in effect, meaningless unless it is accompanied by an award of damages. The personal injury plaintiff seeks not just an adjudication that the defendant is liable but above all, desires to receive some form of compensation. A plaintiff who proves liability but receives no damages has not succeeded in her ultimate goal and purpose for filing suit.

We therefore reverse that part of the judgment which awards costs to Lewis and remand for an entry of judgment consistent with this opinion.

GARDNER, Judge, Concurs.

KNOPF, Judge, dissents and files separate opinion.

KNOPF, Judge, dissenting:

Respectfully I dissent. I do not believe that the majority opinion addresses the crucial issue in this case as raised by the appellant, Judy Lewis. I agree with the appellant that the jury instructions in this case were so confusing as to be improper. As a result, the appellant should receive a new trial.

Instruction No. 2, after noting a driver's general duty of care and some of the more particular forms of that duty pertinent to this case, advised the jury as follows:

If you are satisfied from the evidence that the Defendant, Anita Combs, failed to comply with one (1) or more of these duties and that such failure was a substantial factor in causing the collision, you will find for the Plaintiff, Judy Lewis. Otherwise, you will find for the Defendant, Anita Combs.

The jury was then asked to respond to the following interrogatories:

> Does the Jury believe from the evidence that the Defendant, Anita Combs, failed to abide by any of her duties set forth in Instruction No. [2]?
> Answer: Yes.
> Does the Jury believe from the evidence that the Plaintiff, Judy Lewis, suffered any injury as a result of the accident? ... If ... your answer to [this] interrogatory is "NO," then you shall not deliberate further regarding the accident.
> Answer: No.

Lewis objected to this second interrogatory on the ground that it confuses the issue of liability. I agree. "Injury" is a term of art in the law, an element of the plaintiff's cause of action. Under Instruction No. 2, if the jury believed that Combs negligently caused her car to collide with the car in which Lewis was a passenger, then Lewis was legally "injured"; that is, a legally protected right had been invaded. A cause of action for negligence, however, requires more than an injury in this sense. The injury must result in actual loss or damage. *Capital Holding Corporation v. Bailey*, Ky., 873 S.W.2d 187 (1994). Thus, although the first interrogatory noted above was apparently understood by the parties and the trial court as providing a basis for finding Combs liable, in fact it did not. It did not establish the "actual loss" element. The second interrogatory noted above may have been intended to address that element, but "injury" as used in that interrogatory does not accurately convey what Lewis was obliged to prove. "Injury" was not defined in the instructions, and absent an explanation that "injury" here means loss, it seems likely that the jury would have understood this interrogatory to ask whether Lewis had suffered a physical "injury"; that is, significant damage to her body. Yet Lewis could have suffered a loss as a result of the accident despite not having been physically injured in this sense. The accident was alleged to have necessitated medical examinations, for example, the expenses of which could be deemed recoverable. Pain and suffering were also alleged and treatment to relieve pain. These too could be found proximate, compensable results of such an accident. "Injury," therefore, in the lay sense of significant physical damage, was not an element of Lewis's cause of action. It thus should not have been set up as a condition to her right to recover.

Of course, whether Lewis was physically injured in the accident was an important factor in the determination of the amount of her damages, but before getting to that question the question of liability should have been more clearly addressed. Believing that the confusing "injury" interrogatory deprived Lewis of a fair trial, I would reverse the judgment and remand for new proceedings.

That the instructions were confusing appears in another aspect of this case: the question concerning the propriety of an award of costs where there are no actual damages. Because I would remand for a new trial, I would not reach that question. But on that question, too, I disagree with the majority. Confusion has arisen from the characterization of this verdict as liability but zero damages. As noted above, however, if Lewis did not prove an actual loss stemming from the accident then she did not establish Combs's liability, she was not a prevailing party, and she was not entitled to costs under the standard rule. Period. There is no need for the new rule the majority has announced. I am concerned that the majority opinion would establish a fixed rule too broadly denying costs. In cases where only nominal damages are awarded, for example, an award of costs is clearly appropriate. There may be cases as well wherein liability is proven much more conclusively than in this case, but the proof nevertheless fails on the damage issue. I do not support a blanket rule that in all such cases costs should necessarily be denied.