**LTTS CHARTER SCHOOL, INC. d/b/a Universal Academy, Appellant,**

v.

**Jimmy PALASOTA d/b/a Palasota Property Company, Appellee.**

No. 05–08–01039–CV.

Court of Appeals of Texas, Dallas.

Feb. 28, 2012.

Thomas Anthony Fuller, The Fuller Law Group, Arlington, TX, for Appellant.

Scott A. Scher, Law Offices of Scott A. Scher, P.C., Prosper, TX, Michael L. Jones, Henry & Jones, L.L.P., Dallas, TX, for Appellee.

Before Justices RICHTER, LANG, and MURPHY.

## OPINION ON REMAND

Opinion By Justice LANG.

In this interlocutory appeal, appellant LTTS Charter School, Inc. d/b/a Universal Academy ("Universal Academy") appeals the trial court's denial of its plea to the jurisdiction based on immunity from suit. On original submission, this Court concluded it did not have jurisdiction over the interlocutory appeal because Universal Academy, which is an open-enrollment charter school, was not a "governmental unit" for purposes of an interlocutory appeal under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *See LTTS Charter Sch., Inc. v. Palasota,* 293 S.W.3d 830 (Tex.App.-Dallas 2009), *rev'd,* 344 S.W.3d 378 (Tex.2011); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (West Supp.2011). The Texas Supreme Court reversed this Court's judgment and remanded the case to this Court for further proceedings. *LTTS Charter Sch.,* 344 S.W.3d at 378.

In five issues on appeal, Universal Academy asserts (1) the trial court erred by denying its plea to the jurisdiction; (2) Universal Academy is a "local governmental entity" for purposes of the application of Texas Local Government Code sections 271.151 through 271.160, which provide for waiver of immunity from suit as to certain contract claims, *see* TEX. LOC. GOV'T CODE ANN. §§ 271.151–.160 (West 2005 & Supp. 2011); (3) Universal Academy is a "governmental unit" for purposes of application of the Texas Tort Claims Act ("TTCA"), which provides a limited waiver of immunity from suit on tort claims, *see* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (West 2011 & Supp.2011); (4) Universal

Academy is immune from suit on the breach of contract claims of appellee Jimmy Palasota d/b/a Palasota Property Company ("Palasota"); and (5) Universal Academy is immune from suit on Palasota's tort claims.[1]

We reverse the trial court's order denying Universal Academy's plea to the jurisdiction and render judgment granting the plea to the jurisdiction and dismissing Palasota's claims.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Palasota, a commercial real estate broker, filed this lawsuit on September 29, 2005. In his live petition at the time of the challenged order, Palasota alleged that in approximately April 2004, Universal Academy approached him regarding the possibility of having him "list" for sale its campus located in Flower Mound, Texas (the "Property"), which Universal Academy desired to sell. Palasota asserted he and Universal Academy subsequently executed an exclusive listing agreement (the "Listing Agreement"). According to Palasota, under the terms of the Listing Agreement, Universal Academy agreed to provide him with an exclusive listing on the Property commencing on April 26, 2004, and continuing through at least October 26, 2004. Palasota alleged that in exchange for his services under the Listing Agreement, he was to receive a commission "defined by the Listing Agreement" as "six percent of the first $1 million and three percent of all amounts over $1 million and up to $10 million." The commission was "due and payable at the closing of any sale of the Property." Further, Palasota asserted,

---

1. Palasota did not file a response to Universal Academy's plea to the jurisdiction in the trial court and did not file a brief before this Court when this case was initially submitted on appeal. Following the supreme court's remand,

Palasota filed a motion for leave to file a brief on the merits in this Court pursuant to Texas Rule of Appellate Procedure 38.6. *See* TEX. R.APP. P: 38.6. That motion was denied by this Court.

the Listing Agreement provided for payment of the commission to him "[i]f said property is sold prior to the termination of this agreement, whether by [Palasota], by [Universal Academy], or by any other person."

Palasota stated that in late October 2004, he notified Universal Academy that he was expecting to receive offers for the acquisition of all or portions of the Property. At that time, Palasota alleged, Universal Academy disclosed to him for the first time that it had sold the Property in August 2004. Palasota alleged Universal Academy notified him that it would not "honor the Listing Agreement" or pay him "a commission based upon the Sale." Palasota asserted "causes of action" against Universal Academy for breach of contract, fraud, fraudulent concealment, statutory fraud, and imposition of constructive trust.[2]

Universal Academy filed an answer and asserted affirmative defenses that included immunity from suit and "[i]llegality as to some or all of the portions of the contract upon which Plaintiff makes its claim." Additionally, in a verified denial, Universal Academy denied that the Listing Agreement was signed by "a person authorized to sign such a contract on behalf of Universal Academy."

Universal Academy filed a plea to the jurisdiction of the trial court asserting (1) it is immune from suit on Palasota's claims based on the doctrine of sovereign immunity and (2) Palasota's claims do not fall within any legislative waiver of sovereign immunity. Specifically, Universal Academy contended the TTCA limits tort claims against charter schools to those involving the operation of a motor vehicle, thus precluding Palasota's tort claims.

With respect to Palasota's contract claim, Universal Academy contended the waiver of immunity from suit in section 271.152 of the local government code does not apply in this case because (1) the transaction pursuant to which Palasota seeks to recover a commission consisted of "Universal Academy deeding the Property to its lender in lieu of foreclosure," which was not a "sale" of the Property, and thus the essential terms of the Listing Agreement do not expose Universal Academy to any liability for paying a commission to Palasota and (2) Universal Academy's board of directors never authorized the signatory of the Listing Agreement to sign that agreement, and thus the Listing Agreement was not properly executed by a party having authority to bind Universal Academy. Evidence attached to the plea to the jurisdiction included, in relevant part, the Listing Agreement and a February 20, 2008 affidavit of Janice Blackmon, Universal Academy's director of administrative services and a member of its board of directors, whose signature appears on the Listing Agreement.

Palasota filed no response to Universal Academy's plea to the jurisdiction. At the hearing on the plea to the jurisdiction, Universal Academy presented arguments respecting the grounds asserted in its plea to the jurisdiction. Additionally, Universal Academy contended the Listing Agreement does not state the amount of the commission Palasota was to be paid and is therefore missing an "essential term" required by the waiver provision of section 271.152. Palasota asserted, *inter alia*, that (1) Universal Academy's argument respecting the missing term constituted a "statute of frauds claim" that was not

**2.** Additionally, Palasota requested attorney's fees in connection with his breach of contract and statutory fraud claims.

pleaded and "can't be pled" because "it's too late"; (2) Universal Academy "can point to nothing that says that [the Listing Agreement] has to be submitted to, approved by, and/or ratified by the board of the school in order to be a properly executed contract"; and (3) the transaction at issue constituted a "sale."

Following the trial court's denial of the plea to the jurisdiction, Universal Academy appealed to this Court pursuant to section 51.014(a)(8). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (providing for appeal of an interlocutory order that "denies a plea to the jurisdiction by a governmental unit as that term is defined in [the TTCA]"). This Court dismissed Universal Academy's interlocutory appeal, concluding Universal Academy was not a "governmental unit" as that term is defined in the TTCA. *See id.* § 101.001.

The Texas Supreme Court granted Universal Academy's petition for review. While this case was pending in the supreme court, that court issued its opinion in *LTTS Charter School, Inc. v. C2 Construction, Inc.*, 342 S.W.3d 73 (Tex.2011) (*"C2 Construction I"*). In that case, the supreme court concluded Universal Academy was a "governmental unit" under the TTCA and thus entitled to take an interlocutory appeal pursuant to section 51.014(a)(8). *Id.* at 78. In light of its opinion in *C2 Construction I*, the supreme court reversed this Court's judgment in this case and remanded this case to us for consideration of the issues raised in the interlocutory appeal. *LTTS Charter Sch.*, 344 S.W.3d at 378.

## II. DENIAL OF UNIVERSAL ACADEMY'S PLEA TO THE JURISDICTION

### A. *Standard of Review and Applicable Law*

██ Whether a trial court has subject matter jurisdiction is a matter of law that is reviewed de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex.2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002); *Robinson v. Neeley*, 192 S.W.3d 904, 907 (Tex.App.-Dallas 2006, no pet.). A party may challenge the trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26. In deciding a plea to the jurisdiction, a court may not weigh the claims' merits, but must consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002).

██ "When we consider a trial court's order on a plea to the jurisdiction, we construe the pleadings in the plaintiff's favor and look to the pleader's intent." *Id.; see also City of Elsa v. Gonzalez*, 325 S.W.3d 622, 625 (Tex.2010); TEX.R. CIV. P. 45 ("All pleadings shall be construed so as to do substantial justice."). "When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend." *Brown*, 80 S.W.3d at 555; *accord Miranda*, 133 S.W.3d at 226–27; *Clifton v. Walters*, 308 S.W.3d 94, 98 (Tex.App.-Fort Worth 2010, pet. denied); *City of Austin v. Leggett*, 257 S.W.3d 456, 461 (Tex.App.-Austin 2008, pet. denied). "On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend." *Brown*, 80 S.W.3d at 555; *see Miranda*, 133 S.W.3d at 227; *Leggett*, 257 S.W.3d at 461.

██ When a plea to the jurisdiction challenges the existence of jurisdictional

facts, the trial court must consider the relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex.2009); *Miranda*, 133 S.W.3d at 227; *Clifton*, 308 S.W.3d at 98. This standard generally mirrors that of a traditional summary judgment. *See Miranda*, 133 S.W.3d at 228. We "take as true all evidence favorable to the nonmovant" and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder." *Id.* at 227–28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Id.* at 228.

■■■ Under the common-law doctrine of sovereign immunity, the state cannot be sued without its consent. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011) (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex.2006)); *City of Galveston v. State*, 217 S.W.3d 466, 471 (Tex. 2007). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the state, including counties, cities, and school districts.[3] *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003)); *Learners Online, Inc. v. Dallas Indep. Sch. Dist.*, 333 S.W.3d 636, 641–42 (Tex.App.-Dallas 2009, no pet.). Like sovereign immunity, governmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether. *Tooke*, 197 S.W.3d at 332. Governmental immunity from suit deprives a trial court of subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 225–26.

■■■ "[E]ven if the State acknowledges liability on a claim, immunity from suit bars a remedy until the Legislature consents to suit." *Learners Online*, 333 S.W.3d at 642 (quoting *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self–Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006)). The plaintiff bears the burden of pleading facts affirmatively demonstrating waiver of immunity from suit and must also raise a fact question on the jurisdictional facts if a jurisdictional plea is supported with evidence. *City of Irving v. Seppy*, 301 S.W.3d 435, 443 (Tex.App.-Dallas 2009, no pet.). As this Court recently concluded, open enrollment charter schools enjoy governmental immunity from suit. *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 358 S.W.3d 725, 735 (Tex.App.-Dallas 2011, no pet. h.) (*"C2 Construction II "*).

### B. Analysis

#### 1. Waiver of Immunity as to Palasota's Tort Claims

■■■ We begin with Universal Academy's third and fifth issues, which relate to Palasota's tort claims. In its third issue, Universal Academy contends it is a "governmental unit" for purposes of the TTCA, which provides only a limited waiver of immunity from suit on tort claims. In its fifth issue, Universal Academy asserts it is immune from suit on Palasota's tort

---

**3.** To the extent Universal Academy uses the terms "sovereign immunity" and "governmental immunity" interchangeably, we construe the issues in this case to address governmental immunity.

claims. According to Universal Academy, Palasota's tort claims include his claims for fraud, fraudulent concealment, and statutory fraud, as well as any claims for punitive damages, attorney's fees, and costs of court "resulting therefrom." Further, Universal Academy asserts that to the extent Palasota's constructive trust claim is "tort-based," the TTCA precludes waiver of immunity as to that claim as well.

We address Universal Academy's third issue by referring to *C2 Construction I*. In that case, the supreme court concluded "[a]n open-enrollment charter school qualifies as a 'governmental unit' under the [TTCA]." *C2 Constr. I*, 342 S.W.3d at 76. That conclusion is dispositive of Universal Academy's third issue.

 Next, we address Universal Academy's fifth issue. The TTCA, which is contained in chapter 101 of the Texas Civil Practice and Remedies Code, provides, *inter alia*, a limited waiver of immunity from suit and from liability for certain suits against "governmental units." *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021, 101.025. However, the TTCA expressly excludes any "intentional tort." *Id.* § 101.057. Fraud is an "intentional tort" for which the TTCA provides no waiver of immunity. *See Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 219 (Tex.App.-Houston [14th Dist.] 2008, no pet.) ("the Legislature has not waived immunity with respect to the intentional tort of fraud"); *Sanders v. City of Grapevine*, 218 S.W.3d 772, 779 (Tex.App.-Fort Worth 2007, pet. denied). Accordingly, we conclude governmental immunity from suit has not been waived as to Palasota's claims for fraud, fraudulent concealment, and statutory fraud.

 In addition to his fraud claims, Palasota asserted a "cause of action" for imposition of a constructive trust "as a result of the fraud practiced by [Universal Academy] with respect to the commission due and owing on the Property." Imposition of a constructive trust is not a cause of action, but rather an equitable remedy. *See Garcia v. Garza*, 311 S.W.3d 28, 40 (Tex.App.-San Antonio 2010, pet. denied); *In re Estate of Arrendell*, 213 S.W.3d 496, 504 (Tex.App.-Texarkana 2006, no pet.); *see also Bright v. Addison*, 171 S.W.3d 588, 601 (Tex.App.-Dallas 2005, pet. denied) (constructive trust can be imposed when party commits fraud or breaches fiduciary relationship). Palasota's alleged entitlement to a constructive trust is based on his fraud claims that we concluded above are barred by governmental immunity. Therefore, we conclude governmental immunity from suit has not been waived as to Palasota's constructive trust "cause of action" allegedly arising from fraud.

We decide in favor of Universal Academy on its third and fifth issues.

### 2. Waiver of Immunity as to Palasota's Breach of Contract Claim

 Now, we address together Universal Academy's second and fourth issues. In its second issue, Universal Academy asserts it is a "local governmental entity" for purposes of the application of chapter 271, subchapter I, of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151–.160 (titled "Adjudication of Claims Arising Under Written Contracts With Local Government Entities"). In its fourth issue, Universal Academy contends it is immune from suit on Palasota's breach of contract claim.

Under section 271.152 of chapter 271, "[a] local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose

of adjudicating a claim for breach of contract." *Id.* § 271.152; *Learners Online,* 333 S.W.3d at 642. "Contract subject to this subchapter" is defined as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." TEX. LOCAL GOV'T CODE ANN. § 271.151(2); *Learners Online,* 333 S.W.3d at 642. "Essential terms" have been characterized as, *inter alia,* " 'the time of performance, the price to be paid, ... [and] the service to be rendered.' " *See Williams,* 353 S.W.3d at 138–39 (quoting *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.,* 320 S.W.3d 829, 838 (Tex.2010)).

We concluded in *C2 Construction II* that an open-enrollment charter school is a "local governmental entity" for purposes of section 271.152. *C2 Constr. II,* 358 S.W.3d at 742. That conclusion is dispositive of Universal Academy's second issue.

■ As to its fourth issue, Universal Academy asserts the criteria for waiver pursuant to section 271.152 have not been satisfied and Palasota is therefore precluded from proceeding with his breach of contract action. Specifically, Universal Academy asserts in part that "[t]he undisputed evidence before the trial court conclusively showed that the Listing Agreement did not contain an essential term to that contract—the amount and/or method of calculating the commission."

The record shows Palasota asserted in his petition that in exchange for his services under the Listing Agreement, he was to receive a commission "defined by the Listing Agreement" as "six percent of the first $1 million and three percent of all amounts over $1 million and up to $10 million." However, Blackmon testified in relevant part in her February 20, 2008 affidavit

I signed an Exclusive Listing Agreement with Palasota which purported to give him the exclusive right to sell the Flower Mound Campus for Universal Academy in exchange for a commission based upon a percentage of the sales price, to be paid at the closing of a sale (the "Listing Agreement"). A true and correct copy of the Listing Agreement is attached hereto as Exhibit "A–1."

Attached to Blackmon's affidavit as "Exhibit 'A–1' " is a one-page document titled "Exclusive Listing Agreement." That document states in part that in the event of a sale of the Property, Palasota will be paid "a commission in cash ... equal to the following percent of the total sales (~~rental~~) price of the property computed as follows: *See attached Addendum.*" (emphasis original).

■ Blackmon's affidavit and the one-page Listing Agreement were attached as exhibits to Universal Academy's plea to the jurisdiction. The record shows Palasota did not file a response to the plea to the jurisdiction, offer controverting evidence as to whether an addendum was part of the Listing Agreement, or object to Universal Academy's evidence. Rather, the undisputed evidence before the trial court showed that the Listing Agreement consisted of a single page that did not contain an addendum, a "price to be paid," or any term stating the amount or method of calculating the commission. *See San Antonio Hous. Auth. Found., Inc. v. Smith,* No. 04–10–00759–CV, 2011 WL 3627699, at *5 (Tex.App.-San Antonio Aug. 17, 2011, no pet.) (mem. op.) (affidavit attached to plea to jurisdiction established jurisdictional fact as matter of law and nonmovant therefore could not prevail absent scintilla of controverting evidence); *cf. Bass v. Bass,* 790 S.W.2d 113, 117–18 (Tex.App.-Fort Worth 1990, no writ) (uncontroverted facts in movant's summary judgment affi-

davit are taken as true for purposes of appeal). Palasota contended in the trial court that Universal Academy's argument that the missing term precluded application of section 271.152's waiver provision constituted a "statute of frauds claim" that was not properly pleaded. However, the statute of frauds pertains to the enforceability of a contract. *See S & I Mgmt., Inc. v. Sungju Choi,* 331 S.W.3d 849, 854 (Tex.App.-Dallas 2011, no pet.) ("Under the statute of frauds, certain contracts are not enforceable unless they are in writing and signed by the person against whom enforcement of the contract is sought."); *Lathem v. Kruse,* 290 S.W.3d 922, 925 (Tex.App.-Dallas 2009, no pet.) (pursuant to statute of frauds in Real Estate License Act, agreement to pay real estate commission must be in writing or it is not "enforceable"). Palasota cited no authority to the trial court, and we have found none, supporting the proposition that a plaintiff's failure to satisfy the elements of section 271.152's waiver provision must be pleaded by the defendant. *Cf. Seppy,* 301 S.W.3d at 443 (plaintiff bears burden of pleading facts affirmatively demonstrating waiver of immunity from suit).

On this record, we conclude waiver pursuant to section 271.152 is inapplicable. *See* Tex. Local Gov't Code Ann. § 271.151(2) (waiver under section 271.152 requires written contract stating "essential terms" of agreement); *see also Williams,* 353 S.W.3d at 138–39 ("price to be paid" characterized as essential term). In light of that conclusion, we do not reach Universal Academy's remaining arguments respecting Palasota's breach of contract claim.

We decide in favor of Universal Academy on its second and fourth issues. Addi-

tionally, based on our conclusions above, we decide in favor of Universal Academy on its first issue, in which it asserts the trial court erred by denying its plea to the jurisdiction.[4]

### III. CONCLUSION

We decide Universal Academy's five issues in its favor. We reverse the trial court's order denying Universal Academy's plea to the jurisdiction and render judgment granting the plea to the jurisdiction and dismissing Palasota's claims.

---

4. In light of our conclusions herein, we do not reach Universal Academy's arguments respecting Palasota's request for attorney's fees.