GUARANTY PETROLEUM CORPORA-
TION and Brownsville Navigation
District, Relators,

v.

Bob ARMSTRONG, Commissioner of the
General Land Office of the State of
Texas, Respondent.

No. B–9260.

Supreme Court of Texas.

Oct. 22, 1980.

Rehearing Denied Nov. 26, 1980.

Kleberg, Dyer, Redford & Weil, M. Harvey Weil and Clayton J. Hoover, Corpus Christi, Renfro & Renfro, Daniel R. Renfro, Brownsville, for relator.

Jack B. Giberson, Austin, Mark White, Atty. Gen., Milton Richardson and Gordon Houser, Asst. Attys. Gen., Austin, for respondent.

POPE, Justice.

The question presented is whether the Brownsville Navigation District, relator, had statutory authority to act as the State's agent for the execution of an oil and gas lease that the District made with relator Guaranty Petroleum Corporation. We hold that the Navigation District had the authority, and we grant the prayer for a mandamus ordering the Commissioner of the General Land Office to accept and file the lease.

In 1939 the State patented 16,904.4 acres in the H. M. Skelton Survey, Cameron County, to Gatewood Newberry with a reservation of the minerals. Newberry sold the land to the Navigation District in 1974 and on August 10, 1979, the Navigation District executed an oil and gas lease to Guaranty Petroleum for 1,381 acres out of the Skelton Survey, using the approved lease form of the General Land Office. The Commissioner of the General Land Office, acting under section 52.183 of the Natural Resources Code, has refused to file the lease. The Commissioner urges that the lands of "a department, board or agency" of the State of Texas may be leased only by compliance with the Boards for Lease Act, Chapter 34, Boards for Lease, Natural Resources Code. Under that chapter, lands of a department, board, or agency of the State must be leased by a Board for Lease. Tex. Nat. Resources Code § 34.002(b). The relators say that the Navigation District, as the owner of the surface, had statutory autho-

rization to execute the lease as "owner of the surface" within the terms of section 52.171 of the Natural Resources Code and as a "political subdivision" within the terms of section 71.002 of the Code. The sections which relators rely upon are:

§ 52.171. School and Asylum Lands

The state hereby constitutes the owner of the soil its agent for the purposes herein named, and in consideration therefor, relinquishes and vests in the owner of the soil an undivided fifteen–sixteenths of all oil and gas which has been undeveloped and the value of the same that may be upon and within the surveyed and unsurveyed public free school land and asylum lands and portions of such surveys sold with a mineral classification or mineral reservation, subject to the terms of this law. The remaining undivided portion of said oil and gas and its value is hereby reserved for the use of and benefit of the public school fund and the several asylum funds.

§ 71.002. Authority to Lease

A political subdivision may lease land owned by it for mineral development, including development of coal and lignite.

Commissioner Armstrong says that the controlling provisions of the Natural Resources Code are Sections 34.002(b) and 34.011 which provide:

§ 34.002. Application of Chapter

(b) If title to land subject to the provisions of the Relinquishment Act is acquired by a department, board or agency of the state, the land is not subject to lease by a board created under the provisions of this chapter but shall be leased in the manner provided for the leasing of unsold public school land.

§ 34.011. Boards for Lease

Boards for lease are created to lease land owned by a department, board, or agency of the State of Texas.

■ The Act of July 31, 1919, known as the Relinquishment Act, constitutes the owner of the surface the agent for the State to execute oil and gas leases on the mineral estate reserved by the State. *Greene v. Robison,* 117 Tex. 516, 8 S.W.2d 655 (1928). The Relinquishment Act was codified as article 5367. When Texas adopted its Natural Resources Code, effective September 1, 1977, section 52.171 carried forward the provisions of article 5367 with no change. Article 5400a [later renumbered art. 5421p], which authorized political subdivisions to lease lands they owned for mineral development, was first enacted in 1937. Acts 1937, 45th Leg., p. 568, ch. 279. The article was carried forward into section 71.002, *supra,* with the passage of the Natural Resources Code. The Natural Resources Code thus carried forward the statutory authorization for political subdivisions to execute mineral leases.

■ We hold that the Brownsville Navigation District is a political subdivision with authority to make the lease. Tex. Nat. Resources Code § 71.002. We hold also that the Navigation District is not a "department, board or agency of the state" whose lands must be leased by a Board for Lease. The Navigation District was created pursuant to Article XVI, Section 59, of the Texas Constitution. We regard the law as settled that a navigation district created under that constitutional provision is a political subdivision. *Missouri Pacific Railroad Co. v. Brownsville Navigation District,* 453 S.W.2d 812 (Tex.1970); *Bennett v. Brown County Water Improvement District No. 1,* 153 Tex. 519, 272 S.W.2d 498 (1954); *Willacy County Water Control & Improvement District No. 1 v. Abendroth,* 142 Tex. 320, 177 S.W.2d 936 (1944); *Jones v. Texas Gulf Sulphur Co.,* 397 S.W.2d 304 (Tex.Civ.App.–Houston 1965, writ ref'd n. r. e.); *Smith v. Harris County–Houston Ship Channel Navigation District,* 330 S.W.2d 672 (Tex.Civ. App.–Fort Worth 1959, no writ). The United States Supreme Court has recognized navigation districts as political subdivisions. *Ashton v. Cameron County Water Improvement District No. One,* 298 U.S. 513, 56 S.Ct. 892, 80 L.Ed. 1309 (1936).

The Texas Water Code defines a district as including "a navigation district organized under Article III, Section 52, or Article XVI, Section 59, of the Texas Constitution."

Tex. Water Code Ann. § 60.001(1). The Water Code defines a political subdivision in this way:

> Political subdivision means a county, city, or other body politic or corporate of the state, including any district or authority created under Article III, Section 52 or Article XVI, Section 59 of the Texas Constitution and including any interstate compact commission to which the state is a party.

Tex. Water Code Ann. §§ 16.001(6), 17.-001(5), 17.222(5), and 17.272(5).[1]

A political subdivision differs from a department board or agency of the State. A political subdivision has jurisdiction over a portion of the State; a department, board or agency of the State exercises its jurisdiction throughout the State. Members of the governing body of a political subdivision are elected in local elections or are appointed by locally elected officials; those who govern departments, boards or agencies of the State are elected in statewide elections or are appointed by State officials. Political subdivisions have the power to assess and collect taxes; departments, boards and agencies do not have that power. Our examination of a number of statutes shows that the legislature has consistently recognized these distinctions between departments, boards or agencies on the one hand and political subdivisions on the other.[2]

In *Culver v. Miears*, 220 S.W.2d 200 (Tex. Civ.App.–Eastland 1949, writ ref'd), the court held that Leon Common School District No. 70, as a political subdivision, had the power under what was then articles 5400a and 5421p, Tex.Rev.Civ.Stat.Ann., to make an oil and gas lease.

In our opinion, there is no inconsistency in legislation which authorizes political subdivisions to make leases on mineral classified lands while also requiring the departments, boards or agencies of the State to lease their mineral classified lands through the Boards for Lease.

We accordingly grant the prayer for a mandamus ordering the Honorable Bob Armstrong as Commissioner of the General Land Office of the State of Texas to accept and file the lease. The writ of mandamus will issue only in the event that he refuses to do so.

---

1. For other Water Code definitions of "political subdivision," see §§ 12.013(b), and 16.313(1). For other statutory definitions of "political subdivision," *see* Tex. Nat. Resources Code § 71.-001; Tex.Rev.Civ.Stat.Ann. art. 28a(3), (4); Tex.Rev.Civ.Stat.Ann. art. 2351b–3; Tex.Elec. Code Ann. art. 14.01(L); and under the Workmen's Compensation laws, Tex.Rev.Civ.Stat. Ann. art. 8309h(1). It is also interesting to note that the caption of Tex.Rev.Civ.Stat.Ann. art. 8309i differentiates among "state or department, division, or political subdivision thereof." *See* Acts 1977, 65th Leg., p. 761, ch. 289, § 1, eff. Aug. 29, 1977.

2. For statutory definitions of state departments, *see* Tex.Rev.Civ.Stat.Ann. art. 135a–2 § 1; 4413a–22; 4413(32e) § 2; 4476a; 5441a; 5547–4; 6228a § 1; and, 6243h § 2.

   For statutory definition of "Boards" or "Commissions," *see* Tex.Rev.Civ.Stat.Ann. arts. 21; 41a–1; 55g § 1(2); 135b–5a § 2(7); 601b; 695m § 2; 852a § 1.03; 1011m; 1118n–12; 1269j–4.5 § 2; 1269*l*–6; 2372*o* § 2; 4413(32b); 4413(32e) § 2; 4413(32f) § 2; 4413 (34b); 4477–5 § 1.03; 4477–6a; 4477–40; 4494r; 4512c § 2; 4566–1.01; 4590i § 2.01; 5069–51.02; 5190.6; 5221a–7 § 1; 5221f; 5282c §§ 2, 6; 5444a; 5444b; 5446a; 5547–201; 5577b; 6228m; 6243e.1; 6243g; 6243h § 2; 6252–26a § 2; 6573a; 6573b; 8309–1; 8451a; 8751; and 9201. *See also* Tex.Ins.Code Ann. art. 21.28–C, and 21.49–3; Tex.Code Crim.Pro. Ann. art. 42.12 § 2, and 42.121; and, Tex.Tax.-Gen.Ann. art. 8.01.

   For the definition of agency *see* Tex.Rev.Civ. Stat.Ann. art. 6252–13a(3)(1); and also 1 Tex. Admin.Code § 91.1 (1980). Article 6252–13a(3)(1) and Section 91.1 declare that an agency is: "any state board, commission, department, or officer having statewide jurisdiction, other than an agency wholly financed by federal funds, the legislature, the courts, the Industrial Accident Board, and institutions of higher education, that makes rules or determines contested cases." For other statutory definitions of agency *see* Tex.Rev.Civ.Stat.Ann. arts. 165a–4 § 3; 1269*l*–3 § 4; 1269*l*–6; 4413(34b); 4413(42a); 5415e–4; and 6252–13b.