**LTTS CHARTER SCHOOL, INC. d/b/a Universal Academy, Petitioner,**

v.

**Jimmy PALASOTA d/b/a Palasota Property Company, Respondent.**

**No. 09–0850.**

Supreme Court of Texas.

June 24, 2011.

Thomas Anthony Fuller, The Fuller Law Group, PLLC, Arlington, for LTTS Charter School, Inc.

Scott A. Scher, Prosper, Michael L. Jones, Henry & Jones LLP, Dallas, for Jimmy Palasota.

PER CURIAM.

We decided last week in *LTTS Charter School, Inc. v. C2 Construction, Inc.* that an open-enrollment charter school is a "governmental unit" as defined in Section 101.001(3)(D) of the Tort Claims Act for purposes of taking an interlocutory appeal from a trial court's denial of its plea to the jurisdiction. 342 S.W.3d 73 (Tex.2011) (citing TEX. CIV. PRAC. & REM. CODE § 101.001(3)(D); *id.* § 51.014(a)(8)). This case, involving the same petitioner, poses the same issue.

Jimmy Palasota, d/b/a Palasota Property Company, is a real estate listing agent who sued LTTS Charter School, Inc., d/b/a Universal Academy, claiming he was owed a commission. Universal Academy filed a plea to jurisdiction, asserting immunity from suit. The trial court denied the plea, and Universal Academy brought an interlocutory appeal under Section 51.014(a)(8). The court of appeals held that Universal Academy was not a "governmental unit" and dismissed the appeal for lack of jurisdiction. *See* 293 S.W.3d 830, 838–39. Universal Academy then petitioned this Court for review.

As in *C2 Construction*, we do not decide the underlying issue of whether an open-enrollment charter school possesses immunity from suit. Our focus is narrower: whether Universal Academy is a "governmental unit" under Section 101.001(3)(D) and thus entitled to bring an interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE § 101.001(3)(D); *id.* § 51.014(a)(8). In light of our controlling decision in *C2 Construction*, we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment dismissing Universal Academy's interlocutory appeal and remand to that court to reach the merits of the school's immunity claim. *See* TEX.R.APP. P. 59.1, 60.2(d).