ACCEPTED
01-14-00844-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/8/2015 9:31:40 PM
CHRISTOPHER PRINE
CLERK

CASE NO. 01-14-00844-CV

In the First Court of Appeals
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

1/8/2015 9:31:40 PM

CHRISTOPHER A. PRINE
Clerk

**Neighborhood Centers, Inc.,**
Appellant

v.

**Doreatha Walker,**
Cross-Appellant and Appellee

From the 80th District Court, Harris County, Texas
Cause No. 2014-37034

DOREATHA WALKER'S
COMBINED CROSS-APPELLANT AND APPELLEE'S BRIEF

HIRSCH & WESTHEIMER, P.C.

Whitney Rawlinson
State Bar No. 24068655
1415 Louisiana, 36th Floor
Houston, Texas 77002
713.223.5181 – Telephone
713.223.9319 – Facsimile
wrawlinson@hirschwest.com

ATTORNEYS FOR DOREATHA WALKER

**Oral Argument Requested**

## IDENTITIES OF PARTIES AND COUNSEL

Appellant:                                          Attorneys:

**NEIGHBORHOOD CENTERS, INC.**          **WILSON, ELSER, MOSKOWITZ,
                                                    EDELMAN & DICKER, LLP**

                                                    Linda P. Wills
                                                    Texas Bar No. 21661400
                                                    Nicole L. Phillips
                                                    Texas Bar No. 24074892
                                                    909 Fannin Street, Ste. 3300
                                                    Houston, Texas 77019
                                                    Telephone: (713) 353-2000
                                                    Facsimile: (713) 785-7780
                                                    linda.wills@wilsonelser.com
                                                    nicole.phillips@wilsonelser.com


Cross-Appellant and Appellee:            Attorneys:

**MS. DOREATHA WALKER**                  **HIRSCH & WESTHEIMER, P.C.**

                                                    Whitney Rawlinson
                                                    State Bar No. 24068655
                                                    wrawlinson@hirschwest.com
                                                    1415 Louisiana, 36th Floor
                                                    Houston, Texas 77002
                                                    Telephone: (713) 220-9140
                                                    Facsimile: (713) 223-9319
                                                    wrawlinson@hirschwest.com

# TABLE OF CONTENTS

Identities of Parties and Counsel.................................................................. i

Table of Contents ......................................................................................... ii

Index of Authorities .....................................................................................iii

Statement of the Case...................................................................................vi

Issue Presented on Cross-Appeal...............................................................vii

Statement of Facts ........................................................................................ 1

Summary of the Argument ........................................................................... 4

Argument and Authorities............................................................................ 5

    I.    **The trial court improperly concluded Neighborhood Centers is immune from suit under chapter 451 of the Texas Labor Code.**..............................................................5

        A.    **Chapter 451 creates a private cause of action against Neighborhood Centers, a private employer.**..........................6

        B.    **Texas courts have not decisively afforded entities like Neighborhood Centers immunity from suit.**..................7

        C.    **An entity should not obtain immunity from suit merely by operating an open-enrollment charter school.**.......................................................................... 12

    II.    **The Court should not disturb the denied plea to the jurisdiction on the claim under the Texas Whistleblower Act.**...................................................... 15

        A.    **In the absence of immunity from suit, this Court lacks appellate jurisdiction to review the trial court's ruling.**.................................................................. 16

        B.    **Otherwise, a governmental entity must act as a lawful governmental entity.**...................................... 17

        C.    *Guaranty Petroleum* **does not affect the Court's inquiry.**.......................................................... 21

Conclusion and Prayer................................................................................233

Certificate of Compliance ..........................................................................24

Certificate of Service ..................................................................................25

# INDEX OF AUTHORITIES

## CASES

*Ben Bolt-Palito Blanco Consolidated ISD v. Tex. Political Subdivisions Property/Cas. Joint Self-Ins. Fund,*
212 S.W.3d 320 (Tex. 2006).....................................................................8-9, 12-13

*City of Dallas v. Albert,*
354 S.W.3d 368 (Tex. 2011)..............................................................................8, 9

*City of Houston v. Levingston,*
221 S.W.3d 204 (Tex. App.—Houston [1st Dist.] 2006)...............................17

*City of Houston v. Woolley,*
51 S.W3d 850 (Tex. App.—Houston [1st Dist.] 2001)..................................20

*City of Seabrook v. Port of Houston Auth.,*
199 S.W.3d 403 (Tex. App.—Houston [1st Dist.] 2006, pet dism'd)...........17

*Dutcher v. Owens,*
647 S.W.2d 948 (Tex. 1983)...............................................................................19

*Guaranty Petroleum Corp. v. Armstrong,*
609 S.W.2d 529 (Tex. 1980).........................................................................21, 22

*Guthrey v. Taylor,*
112 S.W.3d 715 (Tex. App.—Houston [14th Dist.] 2003, no pet.) .............21

*Howle v. Camp Amon Charter,*
470 S.W.2d 629 (Tex. 1971)...............................................................................14

*KIPP, Inc. v. Whitehead,*
446 S.W.3d 99 (Tex. App.—Houston [1st Dist.] 2014, pet. filed)................11

*Long v. Castle Tex. Prod. Ltd.,*
426 S.W.3d 73, 78 (Tex. 2014)............................................................................5

*LTTS Charter School, Inc. v. C2 Construction, Inc., ("C2 Construction II")*
342 S.W.3d 73 (Tex. 2011) ........................................................................passim

iii

*LTTS Charter School, Inc. v. C2 Construction, Inc.*, ("*C2 Construction III*")
  358 S.W.3d 725 (Tex. App.—Dallas 2011, pet. denied).............................. 10, 11

*LTTS Charter School, Inc. v. Palasota*,
  344 S.W.3d 378 (Tex. 2011)............................................................................. 9

*LTTS Charter School, Inc. v. Palasota*,
  362 S.W.3d 202 (Tex. App.—Dallas 2012).................................................. 10, 11

*Pegasus School of Liberal Arts & Sciences v. Ball-Lowder*,
  —S.W.3d—, 2013 WL 6063834
  (Tex. App.—Nov. 18, 2013, pet. filed)....................................... 10-11, 19

*Prepared Table, Inc. v. Assured Learning Centers of Am., Inc.*,
  No. 14-01-00912-CV, 2002 WL 1438617
  (Tex. App.—Houston [14th Dist.] July 3, 2002)..........................................8, 11

*Reata Constr. Corp. v. City of Dallas*,
  197 S.W.3d 371 (Tex. 2006)................................................................... 12, 13

*SJ Med. Ctr., LLC v. Estahbanati*,
  418 S.W.3d 867 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ............. 10

*State of Tex. v. Holland*,
  221 S.W.3d 639 (Tex. 2007)................................................................... 5

*Tex. Dep't of Parks & Wildlife v. Miranda*,
  133 S.W.3d 217 (Tex. 2006)................................................................... 8

*Tex. Dept. of Criminal Justice v. Simons*,
  140 S.W.3d 338 (Tex. 2004)................................................................... 17

*TGS-NOPEC Geophysical Co. v. Combs*,
  340 S.W.3d at 441 (Tex. 2011) ..............................................................20

*Tooke v. City of Mexia*,
  197 S.W.3d at 332 (Tex. 2006) ..............................................................8, 12

*Travis Central Appraisal Dist. v. Norman*,
  342 S.W.3d 54 (Tex. 2011) ......................................................................6, 7

*Warnke v. Nabors Drilling USA, LP,*
    358 S.W.3d 338 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ................ 11


STATUTES

TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) ................................................... passim

TEX. EDUC. CODE § 12.103(a) ...................................................................... 18

TEX. EDUC. CODE § 12.1056 ....................................................................... 7–8

TEX. EDUC. CODE § 12.1161(a) ...................................................................... 14

TEX. EDUC. CODE § 12.128(a) ....................................................................... 14

TEX. EDUC. CODE § 45.001 ......................................................................... 14

TEX. GOV'T CODE § 554.001(2) ................................................................... 16, 18

TEX. GOV'T CODE § 554.002(A) ................................................................... 16, 19

TEX. GOV'T CODE § 554.0035 ....................................................................... 18

TEX. LAB. CODE § 504.001(3) ....................................................................... 6

TEX. LAB. CODE § 504.053(e) ....................................................................... 7

## STATEMENT OF THE CASE

*Nature of Case*         This is an interlocutory appeal taken from a trial court's ruling on plea to the jurisdiction filed by an entity operating an open-enrollment charter school. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); *LTTS Charter School, Inc. v. C2 Construction, Inc.*, 342 S.W.3d 73, 82 (Tex. 2011).

*Court Below*        80th Judicial District Court
Harris County, Texas
Hon. Judge Larry Weiman Presiding

*Course of Proceedings*    Ms. Walker sued Neighborhood Centers, her former employer, asserting a cause of action for (1) worker's compensation retaliation under chapter 415 of the Texas Labor Code, and (2) discrimination under the Texas Whistleblower Act. 1CR 105 *et seq.*

Neighborhood Centers filed a plea to the jurisdiction, asserting governmental immunity from suit on both claims. 1CR 196 *et seq.*

On September 26, 2014, the trial court granted the plea as to the claim under chapter 451 of the Texas Labor Code, but denied the plea as to the claim under the Texas Whistleblower Act. 1CR 317.

Neighborhood Centers perfected an interlocutory appeal, and Ms. Walker perfected an interlocutory cross-appeal. 1CR 333; 2CR 280.

# ISSUE PRESENTED ON CROSS-APPEAL

Before courts deem an entity "a government unit unto itself" with immunity from suit, they must first find legislative intent to confer the nature, purposes, and powers of an "arm of the State government." Neighborhood Centers is a private nonprofit corporation that operates an open-enrollment charter school, but disavows all other functions, burdens, and purposes of a governmental entity. Texas courts have not decisively afforded Neighborhood Centers immunity from suit—should this Court do so?

## STATEMENT OF FACTS

Neighborhood Centers, Inc. is a private nonprofit corporation that operates an open-enrollment charter school under chapter 12 of the Texas Labor Code.[1] Neighborhood Centers claims to offer a number of other services and programs, such as Head Start, workforce career centers, meals and programs for seniors, immigration services, tax preparation services, and a community credit union.[2]

Ms. Walker holds a master's degree and certification in mid-management as a principal.[3] Neighborhood Centers began employing Ms. Walker as a third-grade teacher at its open-enrollment charter school in 2013, and recognized her efforts by featuring her as a "Good Worker" in early 2014.[4]

During that time, Ms. Walker and other witnesses discovered a number of standardized testing irregularities and possible health code violations in her classroom, which were making Ms. Walker and her students feel ill.[5] Ms.

---

[1] 1CR 105-06, 1CR 196.

[2] 1CR 201.

[3] 1CR 106.

[4] 1CR 105-06, 118; 1CR 196.

[5] 1CR 106–07, 110, 114.

Walker began to document these problems and informed Neighborhood Centers, but to no avail.[6]

In March 2014, Ms. Walker requested paperwork from Neighborhood Centers to complete a worker's compensation claim and seek medical treatment for her symptoms.[7] Instead, Neighborhood Centers directed Ms. Walker into a meeting where she was informed she was being removed from her students, demoted from her position as a third-grade teacher, and reassigned as an "interventionist" and "girl scout leader."[8] Neighborhood Centers threatened to deny Ms. Walker's worker's compensation claim if she declined to comply.[9] Embarrassed and feeling unfairly penalized, she reluctantly accepted.[10]

A few days later, upon learning Ms. Walker had reported the testing irregularities and health code violations to the appropriate authorities, Neighborhood Centers placed Ms. Walker on leave, then terminated her on false pretenses.[11]

---

[6] 1CR 110.

[7] 1CR 105-106.

[8] 1CR 106, 111.

[9] 1CR 111–12.

[10] 1CR 106-07, 111.

[11] 1CR 108, 110.

Ms. Walker sued Neighborhood Centers for worker's compensation retaliation under chapter 451 of the Texas Labor Code, and wrongful discharge and discrimination under the Texas Whistleblower Act.[12] Ms. Walker sought damages and reinstatement to her former position as a third-grade teacher so she could continue to pursue her goal of becoming an administrator.[13]

Neighborhood Centers filed a plea to the jurisdiction on both claims, arguing that governmental immunity from suit deprived the trial court of subject-matter jurisdiction to decide them.[14] After a hearing, the trial court granted the plea as to the claim under chapter 451 of the Texas Labor Code, but denied the plea as to the claim under the Texas Whistleblower Act.[15]

Neighborhood Centers perfected an interlocutory appeal, and Ms. Walker perfected an interlocutory cross-appeal.[16] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8); *LTTS Charter School, Inc. v. C2 Construction, Inc.*, 342 S.W.3d 73, 82 (Tex. 2011).

---

[12] 1CR 105 *et seq.*

[13] 1CR 117, 119.

[14] 1CR 198–202.

[15] 1CR 317.

[16] 1CR 333; 2CR 280.

## SUMMARY OF THE ARGUMENT

By granting Neighborhood Centers' plea to the jurisdiction on the claim under chapter 451 of the Texas Labor Code, the trial court improperly concluded Neighborhood Centers enjoys immunity from suit rather than immunity from liability. Neighborhood Centers is a private nonprofit corporation subject to a cause of action for worker's compensation retaliation under chapter 451 as a private employer. Texas courts have not decisively afforded entities like Neighborhood Centers immunity from suit, and no public purpose or policy compels this Court to do so. The trial court's dismissal of this claim should be reversed.

The Court should not disturb the denial of Neighborhood Centers' plea to the jurisdiction on the claims under the Texas Whistleblower Act. In the absence of immunity from suit, Neighborhood Centers' arguments about waiver of immunity no longer apply, and neither subject-matter jurisdiction nor appellate review under Texas Civil Practice & Remedies Code § 51.014(a)(8) are implicated. Alternatively, Neighborhood Centers should not be treated as a governmental entity for the purpose of claiming immunity from suit, yet avoid a remedial statute designed to ensure lawful conduct and protect employees of governmental entities.

Whether a trial court has subject-matter jurisdiction is a question of law reviewed *de novo* on appeal. *State of Tex. v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). Similarly, a trial court's interpretation of a statute is reviewed *de novo* on appeal. *Long v. Castle Tex. Prod. Ltd.*, 426 S.W.3d 73, 78 (Tex. 2014).

## ARGUMENT AND AUTHORITIES

### I. The trial court improperly concluded Neighborhood Centers is immune from suit under chapter 451 of the Texas Labor Code.

Although Neighborhood Centers is a private nonprofit corporation, it emphasizes that its open-enrollment charter school is "part of the Texas public school system." Neighborhood Centers argued in its plea to the jurisdiction that its governmental immunity from suit is not waived under chapter 451 or any other worker's compensation statute, and urged the trial court to dismiss the claim under chapter 451 for lack of subject-matter jurisdiction.[17]

But Neighborhood Centers improperly assumed the conclusion of its own argument: Does a private nonprofit corporation enjoy immunity from suit merely because it operates an open-enrollment charter school?

This is an unsettled question in Texas jurisprudence that should be answered in the negative. This Court should reverse the trial court's dismissal of this claim, and remand this case for further proceedings.

---

[17] 1CR at 198–99.

**A. Chapter 451 creates a private cause of action against Neighborhood Centers, a private employer.**

Chapter 451 of the Texas Labor Code, also known as the "Anti-Retaliation Law," was enacted in 1971 to create a cause of action against any "person" who "discharge[s] or in any other manner discriminate[s] against an employee because the employee has filed a worker's compensation claim in good faith." *See* TEX. LAB. CODE § 451.001(1). The statute does not define the word "person" but has been held to cover the actions of private employers. *See Travis Central Appraisal Dist. v. Norman*, 342 S.W.3d 54, 54-55 (Tex. 2011).

Two years after the Anti-Retaliation Law was enacted, it was adopted and incorporated by a sister statute under chapter 504 of the Texas Labor Code. *Id.* at 56. For the first time, chapter 504 required "political subdivisions" to provide worker's compensation benefits and expressly made the Anti-Retaliation Law applicable to these "political subdivisions." *Id.* Public school districts are included in the definition of "political subdivisions" under chapter 504, and their governmental immunity from suit was held to have been legislatively waived by its enactment. *See id.* at 57; *see also* TEX. LAB. CODE § 504.001(3).

A subsequent amendment to chapter 504 included a broad statement at the end of an unrelated section that "[n]othing in this chapter waives

6

sovereign immunity or creates a new cause of action." *Norman*, 342 S.W.3d at 57. (citing TEX. LAB. CODE § 504.053(e)). The Texas Supreme Court concluded this statement "cloud[ed] the chapter's former clarity" regarding governmental immunity from suit. *Id.* at 57, 58–59. The court held that chapter 504 could no longer be read as a "clear and unambiguous" expression of consent for "political subdivisions" to be sued in a private cause of action under the Anti-Retaliation Law. *See id.* at 58–59 (discussing section 504.053(e)).

Regardless of whether chapter 504 waives a public school district's governmental immunity from suit as a political subdivision, it is undisputed that Neighborhood Centers is a private nonprofit corporation and a private employer. Its plea to the jurisdiction could not properly have been granted unless, as a preliminary matter, it enjoys immunity from suit merely because it operates an open-enrollment charter school.

**B.    Texas courts have not decisively afforded entities like Neighborhood Centers immunity from suit.**

Neighborhood Centers predicated its plea to the jurisdiction on section 12.1056 of the Texas Education Code, which provides that open-enrollment charter schools are "immune from liability to the same extent as a school

7

district." TEX. EDUC. CODE § 12.1056.[18] As the Texas Supreme Court recently noted, section 12.1056 grants open-enrollment charter schools statutory "immunity from liability" without mentioning "immunity from suit." *LTTS Charter School, Inc. v. C2 Construction, Inc. ("C2 Construction II")*, 342 S.W.3d 73, 78 n.44 (Tex. 2011) (citing TEX. EDUC. CODE § 12.1056).

Immunity from liability is not synonymous with immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). The former is an affirmative defense that bars or limits enforcement of a judgment against a party. *See id.*; *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224–25 (Tex. 2006). Only the latter can form the basis of a plea to the jurisdiction. *See Prepared Table, Inc. v. Assured Learning Centers of Am., Inc.*, No. 14-01-00912-CV, 2002 WL 1438617, at *2 (Tex. App.—Houston [14th Dist.] July 3, 2002, no pet.) (not designated for publication) (discussing TEX. EDUC. CODE § 12.1056 regarding open-enrollment charter schools and noting "[t]he defense of immunity from liability is, however an affirmative defense").

Governmental immunity from suit is a common-law doctrine, and its boundaries are carefully drawn by the judiciary. *See City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011). Courts examine the nature of an entity before granting it governmental status with immunity from suit. *See, e.g., Ben Bolt-*

---

[18] *See* 1CR 198; Appellant's Brief, at 12.

*Palito Blanco Consolidated ISD v. Tex. Political Subdivisions Property/Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324–26 (Tex. 2006). If governmental immunity from suit is held to exist, limited waivers may only be created by the legislature. *City of Dallas*, 354 S.W.3d at 373.

The Texas Supreme Court has not affirmatively decided whether a private nonprofit corporation enjoys immunity from suit if it operates an open-enrollment charter school. *See C2 Construction II*, 342 S.W.3d at 82; *id.* at 90 (J. Guzman, dissenting) ("[I]t is unsettled whether the Legislature has the power to confer immunity from suit on privately operated, open-enrollment charter schools."); *see also LTTS Charter School, Inc. v. Palasota*, 344 S.W.3d 378, 378 (Tex. 2011) (per curiam) (noting that *C2 Construction II* did "not decide the underlying issue of whether an open-enrollment charter school possesses immunity from suit").[19]

A divided Texas Supreme Court did recently conclude section 51.014(a)(8) of the Texas Civil Practice and Remedies Code authorizes an interlocutory appeal from a ruling on a plea to the jurisdiction filed by an

---

[19] The Solicitor General for the State of Texas has not, as asserted by Neighborhood Centers, argued to the Texas Supreme Court that open-enrollment charter schools "have immunity from suit." *See* Appellant's Brief, at 25–26. The Solicitor General explained the State "takes no position as to whether open-enrollment charter schools enjoy immunity from suit," but urged that the court should only base such a determination, if any, "on the background rules governing the creation of governmental entities" set out in *Ben Bolt-Palito Blanco Consolidated ISD v. Tex. Political Subdivisions Property/Casualty Joint Self-Ins. Fund*, 212 S.W.3d 320 (Tex. 2006). *See* Appellant's Brief, Appendix D, at 1–2.

entity operating an open-enrollment charter school. *See C2 Construction II*, 342 S.W.3d at 74–75. This holding does not mandate a conclusion that all such entities are entitled to immunity from suit. *See, e.g., SJ Med. Ctr., LLC v. Estahbanati*, 418 S.W.3d 867, 872 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (noting some entities that are not governmental units may nonetheless be statutorily treated as if they were for certain purposes).

On remand from *C2 Construction II*, the Fifth Court of Appeals in Dallas confronted this separate, unresolved question. *See LTTS Charter School, Inc. v. C2 Construction, Inc. ("C2 Construction III")*, 358 S.W.3d 725, 735 (Tex. App.—Dallas 2011, pet. denied). The court of appeals treated the issue as one of first impression and concluded an entity operating an open-enrollment charter school does enjoy immunity from suit. *Id.* at 735–36 (citation omitted). The court of appeals immediately applied its holding in a companion case that had been reversed and remanded by the Texas Supreme Court in light of *C2 Construction II. See LTTS Charter School, Inc. v. Palasota*, 362 S.W.3d 202, 208 (Tex. App.—Dallas 2012, no pet.) (on remand from 344 S.W.3d 378 (Tex. 2011)).

Shortly thereafter, in *Pegasus School of Liberal Arts & Sciences v. Ball-Lowder*, the Fifth Court of Appeals summarized this new development in case

law and analyzed a related issue involving open-enrollment charter schools and the Texas Whistleblower Act. *See* —S.W.3d—, No. 05-13-004-482-CV, 2013 WL 6063834, at *1, 3 (Tex. App.—Nov. 18, 2013, pet. filed). The court of appeals' resolution of that issue is currently pending review, and the parties and amicus curiae recently responded to the Texas Supreme Court's request for briefing on the merits.[20]

As noted by Neighborhood Centers, this Court is not bound by any holding of the Fifth Court of Appeals. *Warnke v. Nabors Drilling USA, LP*, 358 S.W.3d 338, 348 (Tex. App.—Houston [1st Dist.] 2011, no pet.).[21] No other Texas courts of appeals have expressly held a plea to the jurisdiction may properly be granted in favor of a private nonprofit corporation if it operates an open-enrollment charter school.

---

[20] In *KIPP, Inc. v. Whitehead*, this Court restated the same holding from *C2 Construction II* the Fifth Court of Appeals reiterated in *Pegasus. See* 446 S.W.3d 99, 105 (Tex. App—Houston [1st Dist.] 2014, pet. filed) (citing *LTTS Charter School v. Palasota*, 362 S.W.3d 202, 208 (Tex. App.—Dallas 2012, no pet.) (citing *C2 Construction III*, 358 S.W.2d at 735)). But none of the parties in *KIPP* challenged whether the entity operating an open-enrollment charter school in that case enjoyed immunity from suit as a preliminary matter, and this Court ultimately concluded that the plea to the jurisdiction was properly denied for other reasons. The Texas Supreme Court has requested a response to the petition for review in *KIPP*, which implicitly conflicts with the Fourteenth Court of Appeals' analysis in *Prepared Table, Inc.*, 2002 WL 1438617, at *2.

[21] *See* Appellant's Brief, at 17 n.5.

11

**C.**    **An entity should not obtain immunity from suit merely by operating an open-enrollment charter school.**

The objective of sovereign and governmental immunity from suit is pragmatic: "to shield the public from the costs and consequences of improvident actions of their governments." *Tooke*, 197 S.W.3d at 331. The absence of governmental immunity from suit "may hamper governmental functions" and require public resources to be used for defending lawsuits and satisfying judgments, rather than "their intended purposes." *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006).

For an entity to claim status as "a government unit unto itself" and enjoy immunity from suit, "the governing statutory authority" must evidence legislative intent to grant the entity "the 'nature, purposes, and powers' of an 'arm of the State government.'" *Ben Bolt*, 212 S.W.3d at 325. Governmental entities are those legislatively endowed with the "powers of government and . . . the authority to exercise such rights, privileges and functions." *Id.*

Neither Neighborhood Centers nor its open-enrollment charter school is legislatively endowed with any governmental powers. Neighborhood Centers concedes it does not possess typical indicia of governmental authority, such as jurisdiction over a portion of the state, a governing body that is

12

locally-elected, or the power to assess and collect taxes.[22] Unlike public school districts, both Neighborhood Centers and its open-enrollment charter school are governed by corporate charters and boards, and cannot be described as "body politic[s]." *See id.* No governmental functions are disrupted if private nonprofit corporations must defend claims asserted against it as usual. *See Reata Construction Corp.*, 197 S.W.3d at 374.

No overriding governmental purpose or public policy supports an alternative conclusion. As Neighborhood Centers is quick to point out, there is a meaningful distinction between a public school district and a public school.[23] Similarly, there must be a meaningful distinction between a private nonprofit corporation and the open-enrollment charter school it operates. While the purpose of an open-enrollment charter school may be similar to that of a public school, a private nonprofit corporation may provide a multitude of other services unrelated to a public school district's mission: workforce career centers, meals and programs for seniors, immigration services, free tax preparation services, a community credit union.[24] Neighborhood Centers does not argue these other initiatives are "governmental" in nature at all.[25]

---

[22] *See* Appellant's Brief, at 13–15.

[23] *See* Appellant's Brief, at 27.

[24] *See* Appellant's Brief, at 5.

[25] *See* Appellant's Brief, at 27.

The objectives of governmental immunity from suit are not advanced by bestowing it on a private nonprofit corporation in this context. Although they receive some state funding,[26] the open-enrollment charter schools are not funded by public bonds or local tax revenue like public school districts. *See* TEX. EDUC. CODE § 45.001. Nor would any state property purchased or leased with funds received by the private nonprofit corporation be subject to execution. *See, e.g.,* TEX. EDUC. CODE § 12.128(a) ("Property purchased or leased with funds received by a charter holder . . . is considered to be public property . . . of this state held in trust . . . ."). If its charter is revoked, the school ceases to operate as open-enrollment charter school and the private nonprofit corporation ceases to receive state finding altogether. *See* TEX. EDUC. CODE § 12.1161(a).

Consistent with Neighborhood Centers' own arguments, the legislative creation of charter schools does not "represent an expansion of the government of the State of Texas, or the creation of hundreds of new local governmental entities or political subdivisions" in their own right.[27]

---

[26] Although a private nonprofit corporation operating an open-enrollment charter school receives some state funding and provides a public service, immunity from suit cannot be based on this fact alone. "Charitable immunity" has been abolished since *Howle v. Camp Amon Charter*, 470 S.W.2d 629, 630 (Tex. 1971).

[27] *See* Appellant's Brief, at 16.

A private nonprofit corporations can always limit exposure by shouldering the burden of establishing an affirmative defense based on statutory immunity from liability. But to summarily permit a private nonprofit corporation to "take on the mantle" of governmental immunity from suit merely by operating an open-enrollment charter school leaves litigants "deprived of their day in court" without justification or recourse. *Cf. C2 Construction II*, 342 S.W.3d at 83 (Guzman, J., dissenting) (complaining that majority provided unwarranted "signal" that every private nonprofit corporation may enjoy immunity from suit merely by operating an open-enrollment charter school, when court did not fully analyze that issue).

The Court should sustain Ms. Walker's issue on cross-appeal and reverse the trial court's dismissal of her claim under chapter 451 of the Texas Labor Code.

## II.  The Court should not disturb the denied plea to the jurisdiction on the claim under the Texas Whistleblower Act.

Ms. Walker also alleged that Neighborhood Centers took adverse actions against and terminated her for reporting health code violations and testing irregularities to appropriate authorities.[28] Under the Texas Whistleblower Act, a "state or local governmental entity" may not "suspend or

---

[28] 1CR at 106-09.

terminate the employment of" or "take other adverse personnel action" against an employee "who in good faith reports a violation of law" by that entity to an appropriate law enforcement authority. *See* TEX. GOV'T CODE § 554.002(a); 554.001(4).

In its only issue on appeal, Neighborhood Centers complains the trial court improperly denied its plea to the jurisdiction on this claim because "as a private nonprofit corporation, there is no waiver of immunity" for claims asserted under the Whistleblower Act."[29] However the Court resolves Ms. Walker's issue on cross-appeal, the Court should not disturb that ruling.

### A. In the absence of immunity from suit, this Court lacks appellate jurisdiction to review the trial court's ruling.

If the Court sustains Ms. Walker's issue on cross-appeal and concludes that Neighborhood Centers enjoys no immunity from suit, the Court need not decide whether the Whistleblower Act constitutes a legislative waiver of immunity.

Whether a claim under the Whistleblower Act could be properly brought against a private nonprofit corporation in that case would not (1) implicate the trial court's subject-matter jurisdiction, (2) be the proper subject of a plea to the jurisdiction, or (3) be reviewable as an interlocutory

---

[29] *See* Appellant's Brief, at 13.

order under Texas Civil Practice & Remedies Code section 51.014(a)(8). *See City of Seabrook v. Port of Houston Auth.*, 199 S.W.3d 403, 413 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd) ("'[A]n interlocutory appeal cannot be taken from the denial of a plea to the jurisdiction that does not raise an issue that can be jurisdictional.'" (quoting *Tex. Dept. of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004)).

In that event, the Court should dismiss Neighborhood Centers' issue on appeal for lack of appellate jurisdiction. *Id.*

**B.    Otherwise, a governmental entity must act as a lawful governmental entity.**

The Whistleblower Act is "designed to enhance openness in government and to compel the government's compliance with law by protecting those who inform authorities of wrongdoing." *City of Houston v. Levingston*, 221 S.W.3d 204, 218 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citations omitted). The Whistleblower Act evidences two legislative objectives: (1) to protect employees of state and local governmental entities from retaliation by their employer when, in good faith, they report a violation of the law, and (2) in consequence, to secure lawful conduct on the part of those who direct and conduct the affairs of those entities. *See id.* (citation

17

omitted). Because the Whistleblower Act is remedial in nature, it should be liberally construed to effect these purposes. *Id.*

The Whistleblower Act expressly creates a private cause of action against state and local governmental entities, and waives any immunity from suit to the extent of their liability under it. *See* TEX. GOV'T CODE § 554.0035. It provides, in relevant part:

> "Local governmental entity" means a political subdivision of the state, including a:
>
> (A)    county;
> (B)    municipality;
> (C)    public school district; or
> (D)    special-purpose district or authority.

*See* TEX. GOV'T CODE § 554.001(2).

Neighborhood Centers does not dispute that a public school district is a "local governmental entity" and enjoys no immunity from suit or immunity from liability under the Whistleblower Act. Neighborhood Centers also does not dispute that "an open-enrollment charter school is subject to federal and state laws and rules governing public schools." *See* TEX. EDUC. CODE § 12.103(a).

Neighborhood Centers nonetheless discourages the Court from applying a remedial statute designed to secure lawful conduct and protect

18

employees of public schools, and in the same breath seeks immunity from suit because it operates one. The Court must not overlook the "odd result" that would occur if the Court accepts both arguments.

Neighborhood Centers argues the term "local governmental entity" is "specifically and narrowly defined" in the Whistleblower Act and does not expressly mention an open-enrollment charter school.[30] But the legislature indicated its definition was not exclusive. *See* TEX. GOV'T CODE § 554.001(2) ("local governmental entity" means "a political subdivision of the state, *including . . . .*" (emphasis added)). In fact, open-enrollment charter schools did not exist when the Whistleblower Act was originally enacted and could not have been expressly included.[31] But the legislature prudently left the definition open-ended, and this Court may conclude an open-enrollment charter school fits within it.

---

[30] *See* Appellant's Brief, at 13.

[31] That the legislature subsequently declined to pass S.B. No. 940 should have no bearing on this Court's analysis. *See* Appellant's Brief, at 30. The 83rd legislative session, in which S.B. No. 940 was introduced, concerned itself with a multitude of proposed charter school reforms, which culminated in the passing of a broad, bi-partisan bill by the Texas Senate and the House of Representatives: S.B. No. 2. Before it passed the Senate, S.B. No. 2 was extensively revised at the insistence of, among others, the author of S.B. No. 940. *See, e.g.,* http://www.texasobserver.org/senate-passes-charter-bill-after-compromises-with-dems (discussing compromises and changes with Senator Royce West, author of S.B. No. 940) last visited on January 8, 2015. It is entirely possible S.B. No. 940 was not adopted after introduction because more important reforms required the legislators' attention, and at least one Texas court of appeals was poised to hold that open-enrollment charter schools already constitute "local governmental entities" under the Whistleblower Act. *See Pegasus,* 2013 WL 6063834, at *5. Courts should not "draw inference of the legislature's intent from the failure of . . . bills to pass." *See Dutcher v. Owens,* 647 S.W.2d 948, 950 (Tex. 1983).

Similarly, the legislature did not "limit" rather than illuminate the statute's application by using the term "local governmental entity" and defining it as a "political subdivision."[32] *See TGS-NOPEC Geophysical Co. v. Combs,* 340 S.W.3d 432, 441 (Tex. 2011) (courts should "presume the Legislature chooses a statute's language with care, including each word chosen for a purpose . . ."); *City of Houston v. Woolley,* 51 S.W3d 850, 853–54 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("We also should not adopt a construction that would render a . . . provision . . . meaningless.").[33]

As explained above, open-enrollment charter schools are part of the public school system, are responsible for implementing the state's school system of public education, are subject to state laws and rules governing public schools, and are immune from liability to the same extent as a public school district. The definition of "local governmental entity" under the Whistleblower Act may be liberally construed to ensure lawful conduct and protect employees of an open-enrollment charter school.

---

[32] *See* Appellant's Brief, at 20.

[33] The Texas Supreme Court did not "declin[e] to hold that open-enrollment charter schools were political subdivisions," it declined to decide whether open-enrollment charter schools were political subdivisions. *See* Appellant's Brief, at 21 (citing *C2 Construction II,* 342 S.W.3d at 76 n.13).

## C.    *Guaranty Petroleum* does not affect the Court's inquiry.

Neighborhood Centers expresses great concern that, if this Court treats an open-enrollment charter school as a "local governmental entity" or "political subdivision" under the Whistleblower Act, such a holding would render open-enrollment charter schools subject to all statutory requirements applicable to public school districts and other governmental entities.

The Court is not presented with the question of whether the terms "governmental unit," "governmental entity," "political subdivision," or "local governmental entity" will always include open-enrollment charter schools, without reference to how each of those terms are used or defined by specific statutes. Words or phrases used in different statutes do not necessarily have the same meaning where the statutes relate to different subjects. *See Guthrey v. Taylor*, 112 S.W.3d 715, 721–22 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (courts consider meaning of same or similar language used elsewhere within only same legislative act or one similar in nature). For the same reason, the Texas Supreme Court's analysis in *Guaranty Petroleum Corp. v. Armstrong*, 609 S.W.2d 529 (Tex. 1980), does not apply.

*Guaranty Petroleum* did not "specifically hold[ ]" an entity "must possess" certain characteristics to be considered a "political subdivision."[34] The question in *Guaranty Petroleum* was whether a water district—which was undisputedly a "political subdivision"—could act as the State's agent in executing an oil and gas lease, without first complying with administrative procedures required of "a department, board, or agency" in the same circumstances. *See Guaranty Petroleum*, 609 S.W.2d at 529. The *Guaranty Petroleum* "test" was to evaluate factors relevant to distinguish between a locally-autonomous "political subdivision" and "a department, board, or agency" of the State—not to define a "political subdivision" in every respect. *Id.* at 530–31. The Court held that a "political subdivision" was not also a "department, board, or agency," but that has no bearing on whether an open-enrollment charter school constitutes a "local government entity" or "political subdivision" in this case.[35] *See id.*

---

[34] *See* Appellant's Brief, at 13.

[35] Additionally and alternatively, if this Court concludes the Whistleblower Act cannot liberally be construed to apply to entities that do not share all characteristics identified in *Guaranty Petroleum*, the Court should conclude the absence of those same characteristics militate against holding Neighborhood Centers enjoys immunity from suit in connection with a claim under Texas Labor Code chapter 451.

## CONCLUSION AND PRAYER

A private nonprofit corporation operating an open-enrollment charter school cannot have its governmental immunity and eat it, too.

This Court should sustain Ms. Walker's issue on cross-appeal, reverse the trial court's dismissal of her worker's compensation claim under chapter 451 of the Texas Labor Code, and dismiss Neighborhood Centers' appeal for lack of appellate jurisdiction. Alternatively, this Court should overrule Neighborhood Centers' issue on appeal, reverse the dismissal of Ms. Walker's claim under the Texas Whistleblower Act, and remand this case for further proceedings.

Respectfully submitted,

HIRSCH & WESTHEIMER, P.C.

By: /s/ Whitney Rawlinson
    Whitney Rawlinson
    State Bar No. 24068655
    1415 Louisiana, 36th Floor
    Houston, Texas 77002
    713.223.5181 -- Telephone
    713.223.9319 -- Facsimile
    wrawlinson@hirschwest.com

**ATTORNEYS FOR DOREATHA WALKER**

## CERTIFICATE OF COMPLIANCE

I do hereby certify that the relevant contents of this document consist of 4,715 words, in compliance with Texas Rule of Appellate Procedure 9.4(i) and this document complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in 14 point Bell MT font.


/s/ Whitney N. Rawlinson
Whitney N. Rawlinson

## CERTIFICATE OF SERVICE

I further certify that on January 8, 2015, a true and correct copy of the foregoing document was sent to all counsel of record as indicated below:

Linda P. Wills
Nicole Phillips
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P.
909 Fannin St., Ste. 3300
Houston, TX 77010
Telephone: 713-353-2000
Facsimile: 713-785-7780
linda.wills@wilsonelser.com
nicole.phillips@wilsonelser.com

/s/ Whitney Rawlinson
Whitney Rawlinson

CASE NO. 01-14-00844-CV

In the First Court of Appeals
Houston, Texas

Neighborhood Centers, Inc.,
Appellant

v.

Doreatha Walker,
Cross-Appellant and Appellee

From the 80th District Court, Harris County, Texas
Cause No. 2014-37034

APPENDIX TO DOREATHA WALKER'S
COMBINED CROSS-APPELLANT AND APPELLEE'S BRIEF

Order Granting and Denying Plea to the Jurisdiction………………………Tab A

Texas Labor Code § 451.001……………………………………….…………Tab B

20140567.20140567/1985463.1

CAUSE NO. 2014-37034

| | | |
|---|---|---|
| DOREATHA WALKER, PRO SE | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NEIGHBORHOOD CENTERS PROMISE | § | 80TH JUDICIAL DISTRICT |
| SCHOOL DISTRICT | § | |

## ORDER GRANTING *IN PART AND DENYING IN PART* DEFENDANT'S FIRST AMENDED PLEA TO THE JURISDICTION

Before the Court came on for consideration, the First Amended Plea to the Jurisdiction of Defendant Neighborhood Centers Inc. The Court, having reviewed the Plea to the Jurisdiction and the evidence in support thereof, determines that this court lacks subject matter jurisdiction over all claims asserted by Plaintiff against Defendant, and Defendant's First Amended Plea to the Jurisdiction should be **GRANTED,** *IN PART AND DENIED IN PART*

It is therefore ORDERED that *the Labor Code Claims under §451.001* claims by Plaintiff against Defendant Neighborhood *to Labor Code* Centers Inc. are hereby dismissed for lack of subject matter jurisdiction. *The Plea to the Jurisdiction regarding the Claims under §554.002 of the Tex Gov. Code is DENIED.* This is a final order disposing of all claims in this matter.

SIGNED _September 26_, 2014.

FILED
Chris Daniel
District Clerk

SEP 26 2014

Time:_____ Harris County, Texas
By_____ Deputy

_____
JUDGE PRESIDING

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

2069050v.1

> **Vernon's Texas Statutes and Codes Annotated**
>   Labor Code (Refs & Annos)
>     Title 5. Workers' Compensation
>       Subtitle B. Discrimination Issues
>         Chapter 451. Discrimination Prohibited

V.T.C.A., Labor Code § 451.001

§ 451.001. Discrimination Against Employees Prohibited

Currentness

A person may not discharge or in any other manner discriminate against an employee because the employee has:

(1) filed a workers' compensation claim in good faith;

(2) hired a lawyer to represent the employee in a claim;

(3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; [1] or

(4) testified or is about to testify in a proceeding under Subtitle A.

**Credits**
Acts 1993, 73rd Leg., ch. 269, § 1, eff. Sept. 1, 1993.

Notes of Decisions (738)

Footnotes

1       V.T.C.A., Labor Code § 401.001 et seq.

V. T. C. A., Labor Code § 451.001, TX LABOR § 451.001
Current through the end of the 2013 Third Called Session of the 83rd Legislature

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.