

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-18-00168-CV

_____

HEATHER KUTYBA,

                                                              Appellant

 v.

ASHLEE  E. WATTS, D.V.M.
AND TEXAS A&M UNIVERSITY,

                                                              Appellees

_____

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 17-2110-CV-361**

_____

## MEMORANDUM OPINION

_____

In three issues, appellant, Heather Kutyba (hereinafter "Kutyba"), complains

about the trial court's granting of a plea to the jurisdiction and a motion to dismiss in

favor of appellees, Ashlee E. Watts, D.V.M. (hereinafter "Dr. Watts") and Texas A&M

University (hereinafter "University").  Because we overrule all of Kutyba's issues on

appeal, we affirm the judgments of the trial court.

# I.  BACKGROUND

Kutyba asserted claims of veterinary malpractice against Dr. Watts and the University, alleging that Dr. Watts' improper treatment of Kutyba's female horse, Dazzle, at the Texas A&M Veterinary Medical Teaching Hospital resulted in Dazzle being euthanized.  Dr. Watts and the University responded by filing separate answers generally denying Kutyba's allegations and asserting numerous defenses, including immunity pursuant to section 101.106(e) of the Texas Tort Claims Act ("TTCA").  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e) (West 2011).  Thereafter, the University filed a motion to dismiss Dr. Watts from the suit pursuant to section 101.106(e) and a plea to the jurisdiction.  After multiple hearings, the trial court granted the University's motion to dismiss and plea to the jurisdiction and entered a Final Judgment on June 6, 2018.  Kutyba filed a notice of appeal, and this appeal followed.

# II.  HORSES AND THE TTCA

In her first issue, Kutyba asserts that the trial court erred in granting the University's plea to the jurisdiction for claims arising out of the grave injury and death of a horse when the TTCA waives sovereign immunity for personal injury and death caused by the condition or use of tangible personal property.  We disagree.

## A.  Plea to the Jurisdiction

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit.  *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d

547, 554 (Tex. 2000). The plea challenges the trial court's subject-matter jurisdiction. *Id.* Whether the trial court has subject-matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even if those facts implicate the merits of the cause of action. *Id.* at 227.

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Id.* at 228; *see* TEX. R. CIV. P. 166a(c). The governmental unit is required to meet the summary-judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Miranda*, 133 S.W.3d at 228. Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court must deny

the plea to the jurisdiction and leave its resolution to the factfinder. *Id.* at 227-28. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. "In considering this evidence, we 'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009) (quoting *Miranda*, 133 S.W.3d at 228).

## B.    Immunity

"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability from money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). Under the common-law doctrine of sovereign immunity, the State cannot be sued without its consent. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011) (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006)). And like sovereign immunity, governmental immunity affords similar protection to subdivisions of the State, including counties, cities, school districts, and universities. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003); see *LTTS Charter Sch., Inc. v. Palasota*, 362 S.W.3d 202, 208 (Tex. App.—Dallas 2012, no pet.).

Governmental immunity has two components: (1) immunity from liability, which bars enforcement of a judgment against a governmental entity; and (2) immunity from

suit, which bars suit against the entity altogether. *Id.* Immunity from suit deprives the court of subject-matter jurisdiction and is properly raised in a plea to the jurisdiction, whereas immunity from liability is asserted as an affirmative defense. *See Miranda*, 133 S.W.3d at 224; *see also Palasota*, 362 S.W.3d at 208. "Immunity from suit bars a suit against the State unless the Legislature expressly consents to the suit." *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002). "If the Legislature has not expressly waived immunity from suit, the State retains such immunity even if its liability is not disputed." *Id.* "Immunity from liability protects the State from money judgments even if the Legislature has expressly given consent to sue." *Id.* Furthermore, there is a "'heavy presumption in favor of immunity.'" *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 848 (Tex. 2009) (quoting *Nueces County v. San Patricio County*, 246 S.W.3d 651, 653 (Tex. 2008)).

## C.     Discussion

Here, the asserted source of waiver is the TTCA. The Texas Supreme Court has stated that the TTCA "provides a limited waiver of governmental immunity." *Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014). In arguing that the University waived governmental immunity, Kutyba relies on section 101.021 of the TTCA, which provides the following:

A governmental unit in the state is liable for:

(1) property damages, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011). Moreover, Kutyba did not allege that she suffered personal injury or death; rather, she claimed that her property, Dazzle, was destroyed.

The focus of Kutyba's claim of waiver of immunity is section 101.021(2), which waives immunity for "personal injury and death so caused by a condition or use of tangible personal or real property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

In construing statutes, we ascertain and give effect to the Legislature's intent as expressed by the statute's language. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Where text is clear, it is determinative of that intent, *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009), and we give meaning to the language consistent with other provisions in the statute, *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004). Our practice when construing a statute is to recognize that "the words [the Legislature] chooses should be the surest guide to legislative intent." *Entergy*, 282 S.W.3d at 437 (quoting *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)). We thus construe the text according to its plain and common meaning unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *City of Rockwall*, 246 S.W.3d at 625-26. We also presume that the

> Legislature intended a just and reasonable result by enacting the statute. *Id.* at 626 (citing TEX. GOV'T CODE § 311.021(3)).

*Presidio Indep. Sch. Dist. v. Scott*, 309 S.W.3d 927, 930 (Tex. 2010).

On appeal, Kutyba appears to focus solely on the term "death" in section 101.021(2) to show a waiver of the University's immunity; however, in making this argument, Kutyba ignores the preceding three words in the statutory provision. The plain language of the statute provides that immunity is waived for "personal injury and death." In other words, the absence of a comma between injury and death indicates that the adjective "personal" refers to both "injury" and "death." Furthermore, the plain and common meaning of the term "personal" refers to a human being, not property. *See* BLACK'S LAW DICTIONARY 932 (7th ed. 2000) (defining "personal" as "[o]f or affecting a person <personal injury>" and stating that a "person" is "[a] human being").

Additionally, we note that, under Texas law, horses are considered property, not persons. *See* TEX. PROP. CODE ANN. § 42.002(a)(10)(A) (West 2014); *Strickland v. Medlen*, 397 S.W.3d 184, 185-86 (Tex. 2013) ("Pets are property in the eyes of the law . . . . The term 'property' is not a pejorative but a legal descriptor, and its use should not be misconstrued as discounting the emotional attachment that pet owners undeniably feel."); *Archibald v. Act III Arabians*, 755 S.W.2d 84, 86 (Tex. 1988) ("A horse is an existing tangible good."); *City of Houston v. Davis*, 294 S.W.3d 609, 613 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (concluding that a dog is property for the purposes of the TTCA); *see also Williams v. Williams*, No. 2-08-033-CV, 2008 Tex. App. LEXIS 9238, at **13-16 (Tex.

App.—Fort Worth Dec. 11, 2008, no pet.) (considering a horse, Plamenco, as property in determining a property division in a divorce). Therefore, based on the plain language of section 101.021(2), we are not persuaded by Kutyba's contention that the "death" of her property, Dazzle, as a result of a governmental unit's "use of tangible personal or real property" effectuated a waiver of the governmental unit's immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2). Such a waiver under section 101.021(2) is only available for *personal* injury or *personal* death "so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *See id.* As such, we cannot say that Kutyba established a waiver of the University's immunity under section 101.021(2) of the TTCA. *See id.*

In addition to the foregoing, we also recognize that Kutyba has not alleged a waiver of immunity under section 101.021(1) of the TTCA. *See id.* § 101.021(1). Therefore, because Kutyba failed to establish a waiver of immunity under section 101.021 of the TTCA, we cannot say that the trial court erred in granting the University's plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 226-28; *see also Blue*, 34 S.W.3d at 554. We overrule Kutyba's first issue.

### III.   MOTION TO DISMISS

In her second issue, Kutyba contends that the trial court erred in granting the University's motion to dismiss as to Dr. Watts because the trial court did not allow her to conduct discovery into whether Dr. Watts is an employee of the University. In her third

issue, Kutyba argues that the trial court abused its discretion in overruling her objections to two conclusory affidavits submitted by the University in support of its motion to dismiss Dr. Watts.

Generally, we review a trial court's order on a motion to dismiss under an abuse-of-discretion standard. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). However, the proper standard of review is not necessarily determined by the caption of the motion of the related order; rather, it is determined by the substances of the issue to be reviewed. *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

In this case, the University's motion to dismiss raised the issue of immunity. *See id.*; *see also Franka v. Velasquez*, 332 S.W.3d 367, 271 n.9 (Tex. 2011) (stating that section 101.106 confers immunity in some instances to employees of a governmental unit). If immunity applies, the trial court lacks subject-matter jurisdiction over the case. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Subject-matter jurisdiction is a question of law that we review de novo. *Id.* at 226. In addition, matters of statutory construction are reviewed under a de-novo standard. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *see Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009).

Section 101.106(a) of the Texas Tort Claims Act ("TTCA") provides that: "The filing of a suit under this chapter against a governmental unit constitutes an irrevocable

election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employees of the governmental unit regarding the same subject matter." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a). As such, "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Id.* § 101.106(e). Here, it is undisputed that Kutyba's claims fall within the ambit of the TTCA and that she filed suit against both Dr. Watts and the University, a governmental unit. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008) ("Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under [the Tort Claims Act] for purposes of section 101.106." (internal quotation omitted)). Therefore, the relevant inquiry in this issue is whether Dr. Watts was an employee of the University at the time of the alleged misconduct.

In her first amended petition, Kutyba judicially admitted that Dr. Watts "works at Texas A&M Veterinary Medical Teaching Hospital, located in Brazos County, Texas" and that Dr. Watts treated and cared for Dazzle. And more importantly, Kutyba judicially admitted that the University,

> is vicariously liable for the negligence of its veterinarians, veterinary technicians, and all other hospital staff. At all times material to the care and treatment of Dazzle, the treating veterinarians and/or veterinary staff who cared for Dazzle were employed by TAMU, the details of their work were

> controlled by TAMU, and these agents, servants, employees and/or vice principals were acting in the course and scope of their employment with TAMU.

*See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (noting that assertions of fact, not pleaded in the alternative, in the live pleadings of a party are regarded as formal judicial admissions and that a judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact); *see also Humphries v. Humphries*, 349 S.W.3d 817, 824 (Tex. App.—Tyler 2011, pet, denied) (stating that a judicial admission relieves the other party's burden of proof).

By filing suit against the University, a governmental unit, Kutyba made an "irrevocable election" that "immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." See TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a). And in light of the judicial admissions made by Kutyba in her first amended petition that Dr. Watts was an employee of the University, we conclude that section 101.106(e) mandated the immediate dismissal of Dr. Watts from this suit. *See id*. § 101.106(e); *see also Univ. of Tex. Health Sci. Ctr. v. Rios*, 542 S.W.3d 530, 532 (Tex. 2017).

However, despite the foregoing, the record reflects that Kutyba attempted to change the aforementioned judicial admission by filing a second amended petition. The Texas Supreme Court has held that such an amendment does not impair an employee's

statutory right to dismissal when a plaintiff sues both the governmental-unit employer and the employee. *See Rios*, 542 S.W.3d at 532. Specifically, the *Rios* Court noted that:

> A public employee may be individually liable for his tortious conduct outside the general scope of employment, but section 101.106 of the Texas Tort Claims Act . . . "requir[es] a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone." If the plaintiff nevertheless sues both employer and employee, section 101.106(e) requires that the employee "immediately be dismissed" on the employer's motion. We hold that *this statutory right to dismissal accrues when the motion is filed and is not impaired by later amendments to the pleadings or motion*.

*Id.* (emphasis added). Therefore, once Kutyba decided to file suit against both the University and its employee, Dr. Watts, an irrevocable election was made to pursue her claims against only the University. *See id.* Accordingly, we cannot say that the trial court erred in granting the University's motion to dismiss Dr. Watts from this suit.[1] *See id.*; *see*

---

[1] And given Kutyba's judicial admission in her first amended petition that Dr. Watts was an employee of the University, section 101.106(e)'s immediate, mandatory dismissal operates to preclude additional discovery. *See Villasan v. O'Rourke*, 166 S.W.3d 752, 760 (Tex. App.—Beaumont 2005, pet. denied) ("The Legislature's apparent goal of reducing cost is enhanced by the amended statutory provisions because they narrow the issues for trial, thereby reducing the delay and expense otherwise associated with discovery related to theories no longer relevant in light of the election made by claimants on their initial filing of suit."); *see also Lenoir v. Marino*, 469 S.W.3d 669, 674-75 (Tex. App.—Houston [1st Dist.] 2015), *aff'd*, 526 S.W.3d 403 (Tex. 2017) ("The election-of-remedies provision forces plaintiffs to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable. If the plaintiff sues the governmental unit, she is forever barred from suing the governmental unit's employees. If the plaintiff elects, instead, to sue the governmental employee and maintains that the employee acted independently (which could lead to individual liability unlimited by the cap imposed by TCA section 101.023), the plaintiff is forever barred from suing the governmental employers unless the governmental unit consents. Because it is an irrevocable decision, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually. This law strongly favors dismissal of governmental employees." (internal citations & quotations omitted)). As such, we are not persuaded by Kutyba's argument regarding the need for additional discovery into Dr. Watts' employment status.

*also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). We therefore overrule Kutyba's second issue.

## IV. KUTYBA'S OBJECTIONS TO TEXAS A&M UNIVERSITY'S EVIDENCE

In her third issue, Kutyba complains that the trial court abused its discretion by overruling her objections to the conclusory affidavits of Dr. Watts and McMahon proffered by the University with its motion to dismiss. At the outset, we note that Kutyba's judicial admission regarding Dr. Watts' employment status with the University relieved the University of its burden of proving, in its motion to dismiss, that Dr. Watts was indeed an employee of the University at the time of the alleged misconduct. *See Wolf*, 44 S.W.3d at 569, *see also Humphries*, 349 S.W.3d at 824. Thus, Kutyba's complaints about the affidavits in support of the University's motion to dismiss are arguably immaterial.

Nevertheless, even if Kutyba's complaints in this issue are material, we cannot say that they are meritorious. The admission and exclusion of evidence is committed to the trial court's sound discretion. *See Gen. Tire, Inc. v. Kepple*, 970 S.W.2d 520, 526 (Tex. 1998); *see also Cypress Creek EMS v. Dolcefino*, 548 S.W.3d 673, 688 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). Trial court error is reversible, however, only when it is harmful—that is, when the error probably caused the rendition of an improper judgment. *Diamond Offshore Servs, Ltd. v. Williams*, 542 S.W.3d 539, 541 (Tex. 2018). A successful challenge to an evidentiary ruling usually requires the complaining party to show that the judgment turned on the particular evidence excluded or admitted. *See GT & MC, Inc. v. Tex. City*

*Ref., Inc.*, 822 S.W.2d 252, 257 (Tex. App.—Houston [1st Dist.] 1991, writ denied); *see also*

*Sanchez v. Balderama*, 546 S.W.3d 230, 234-35 (Tex. App.—El Paso 2017, no pet.). We

determine whether the case turns on the evidence admitted by reviewing the entire

record. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000). Furthermore, we will

not reverse a judgment for erroneous evidentiary rulings when the evidence in question

is merely cumulative and is not controlling on a material issue dispositive to the case. *Id.*

Here, the University attached the following in support of its motion to dismiss Dr.

Watts from the suit: (1) Kutyba's amended petition; and (2) affidavits from Dr. Watts and

Dana McMahon, business administrator with the University's College of Veterinary

Medicine & Biomedical Sciences in the Large and Small Animal Clinical Sciences

department. In her affidavit, Dr. Watts specifically stated that:

> At all times material to Plaintiff's lawsuit, I was in the paid service of Texas A&M University as an Assistant Professor of Large Animal Surgery. At all times material to Plaintiff's lawsuit, I was in the course and scope of my employment with Texas A&M University when I treated Dazzle at Texas A&M Veterinary Medical Teaching Hospital.

McMahon concurred in her affidavit by stating the following:

> As the business administrator in Large and Small Animal Clinical Sciences, I serve as the primary business representative for all employment records. I have examined the Texas A&M University employment records and can confirm that Ashlee E. Watts is currently employed in the Large Animal Clinical Sciences department at Texas A&M University's College of Veterinary Medicine & Biomedical Sciences. I can state the following:
>
> Ashlee E. Watts was and currently is in paid employment status with Large Animal Clinical Sciences department at Texas A&M University's

College of Veterinary Medicine & Biomedical Sciences from March 19, 2012 to present, October 31, 2017.

Based on our review, we cannot say that either of the affidavits are conclusory, as they are both clear, positive and direct, and free from contradictions and inconsistencies. *See* TEX. R. CIV. P. 166a(c); *see also Casso v. Brand*, 776 S.W.2d 551, 558 (Tex. 1989) (stating that a summary judgment may be granted on the basis of uncontroverted testimonial evidence of an interested witness if that evidence "is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted" (citing TEX. R. CIV. P. 166a(c))). Moreover, neither affidavit simply parrots the language of section 101.001(2) of the TTCA; rather, they both contain specific factual bases for the statements made therein. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(2) (West 2011) (stating that an employee is "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control"); *see also Nichols v. Lightle*, 153 S.W.3d 563, 570-71 (Tex. App.—Amarillo 2004, pet. denied) (concluding that an affidavit that simply paraphrased the statutory language—"we held out to others that we were husband and wife"—without providing any specific facts for the statements was conclusory and did not raise a genuine issue of material fact). Accordingly, even if Kutyba's complaints in this issue were material, we cannot conclude that the trial court abused its discretion in admitting the

affidavits of Dr. Watts and McMahon. *See Gen. Tire, Inc.*, 970 S.W.2d at 526; *see also Cypress Creek EMS*, 548 S.W.3d at 688. We overrule Kutyba's third issue.

## V. CONCLUSION

Having overruled all of Kutyba's issues on appeal, we affirm the judgments of the trial court.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
(Chief Justice Gray concurring with a note)*
Affirmed
Opinion delivered and filed March 13, 2019
[CV06]

*(Chief Justice Gray concurs in the judgment of the Court. A separate opinion will not issue.)

